IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONALD GRANT, | Cause No. CV 20-70-H-BMM |
| Plaintiff, | |
| vs. | ORDER |
| ANNETTE CARTER, RENEE BAUER, KRISTINA LUCERO, BRAD NEWMAN, COLLEEN AMBROSE, ROBERT LISHMAN, and LORRAINE SCHNEIDER | |
| Defendants. | |

This matter was dismissed with prejudice on February 8, 2021, for failure to state a federal claim.  See, (Doc. 5.)  Grant filed a Motion to Alter or Amend the Judgment, pursuant to Federal Rule of Civil Procedure 59(e), and brief in support. (Docs. 8 & 9.)  The matter was subsequently reassigned.

Federal Rule of Civil Procedure 59(e) allows a litigant to file a "motion to alter or amend a judgment."  Rule 59(e) gives a district court the chance "to rectify its own mistakes in the period immediately following" its decision. *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982).  Because

1

specific grounds for a motion to amend or alter a judgment are not listed in the rule, the district court enjoys considerable discretion in granting or denying such motion. Amending a judgment after its entry, however, remains an extraordinary remedy which should be used sparingly. *McDowell v. Claderon*, 197 F. 3d 1253, 1255 n. 1 (9th Cir. 1999)(en banc)(per curiam).

In general, there are four basic grounds upon which a motion to amend the judgment may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Moreover, "a 59(e), motion may not be used to 'raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*. Grant argues that the Court committed a "clear error" when interpreting the state court administrative and judicial record relative to Grant's underlying state court convictions and parole proceedings. See, (Doc. 9 at 2-3.)

In this Court's prior order, the Court noted that Grant appeared before the Montana Board of Pardons and Parole ("the Board") in January of 2020 and was

2

then scheduled to reappear before the Board in January of 2026.  Because these hearings and their scheduling complied with state law, no federal constitutional violation occurred. (Doc. 5 at 8-10.)

Grant believes the ultimate finding was in error.  He explains he was sentenced for a Lake County Sexual Assault on December 20, 2017. (Doc. 9 at 3-4.)  His parole for underlying 1983 convictions[1] was revoked during his January 9, 2018, appearance before the Board. Grant was convicted and sentenced in 1983 for Homicide and Attempted Deliberate Homicide in Lake County Cause No. DC-82-58. (Doc. 5 at 9, f.n. 21.) Grant does not dispute that he reappeared before the Board in January of 2020. He asserts, however, that his next parole hearing, pursuant to state law, should be scheduled for 2024, rather than 2026. (Doc. 9 at 5.) Grant argues that his scheduled appearance in 2026, and the purported 8-year delay, is unlawful. *Id*. Further, Grant takes issue with this Court characterizing his January 2020 appearance before the parole board as a "review" hearing, rather than a revocation hearing. *Id*. Accordingly, he claims he should have been provided with written reasons why his parole was denied. *Id*. at 6.

The additional documents supplied by Grant in support of his motion to amend do not change this Court's analysis. In fact, the additional documents

---

[1] In 1983, Grant was convicted and sentenced for Homicide and Attempted Deliberate Homicide in Lake County Cause No. DC-82-58. See, (Doc. 5 at 9, f.n. 21.)

support the Court's ruling. On December 20, 2017, Grant received a 15-year sentence for Sexual Assault; the sentence was ordered to run consecutively to the 1983 sentences Grant was already serving. (Doc. 9-1 at 1.)  Grant appeared before the Board on January 9, 2018. The Board revoked his parole for the 1983 sentences and the Board ordered him to reappear in January of 2020. *Id*. at 4. At the January 2020 appearance, Grant was informed that the Board was declining to consider commencement of his consecutive Sexual Assault sentence and scheduled him to reappear in January of 2026 for such consideration.  *Id*. at 5.  Grant inquired further about his 2020 appearance and was informed:

> When you came before as a [Parole Violator], the Board told you to reappear in January of 2020.  However, you received a new term of 15 years for sex assault, consecutive.  Therefore, you have to serve your whole term to start your 15-year sentence.  The Board will look at commencing that in January of 2026.

*Id*. at 6.

This Court previously made the following finding:

> To the extent that Mr. Grant asserts he has a liberty interest in parole in conjunction with his 1983 convictions, he is correct.  He does not, however, have a liberty interest in parole on the new sexual assault sentence.  As set forth above, he was granted parole and was subsequently found to have violated his parole conditions by committing the aforementioned sexual assault.  He is now serving the remainder of his 1983 sentence and the Board will review his sentence, and the potential of commencing his sexual assault sentence, in January of 2026.  All of the claims Mr. Grant attempts to advance regarding the Defendants not providing him his parole scoring sheet or conspiring to deny him a fair parole hearing are baseless, because his

4

January 2020 review hearing was not a parole hearing.  Following his parole violation and revocation, he is now serving his underlying 1983 sentence; his 1983 sentence and the consecutive sex assault sentence will be reviewed further at the January 2026 hearing.

(Doc. 5 at 11.)

Grant also takes issue with the Court's prior statement that his 2020 Board appearance was a review hearing rather than an actual parole hearing. The Court was explaining that the reason Grant was not provided with a scoring sheet, or written reasons for the denial of parole, was because the Board did not make such considerations. The hearing focused instead on whether to commence Grant's consecutive 15-year Sex Assault sentence. As it stands, though Grant may have a liberty interest in the underlying 1983 convictions, he is not eligible for parole on those underlying sentences until he begins serving his consecutive sentence.

Grant may disagree with the Board's decision, or with this Court's terminology and characterization of what occurred in the state proceedings. Such disagreement does not constitute a manifest error of law or fact and has not resulted in a manifest injustice.  Grant has presented nothing that would alter this Court's prior decision or change the analysis contained in the order dismissing his complaint.  Accordingly, Grant has failed to present a valid basis under Rule 59(e), to alter or amend the judgment. See, *Herron*, 634 F.3d at 1111.  The motion will be denied.

5

**IT IS HEREBY ORDERED** that Grant's Motion to Alter Judgment of the Court Pursuant to 59(e), (Doc. 8), is **DENIED**.

DATED this 8th day of April, 2021.

_____

Brian Morris, Chief District Judge
United States District Court